**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____   Chapter   **7**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Glenbard Uniform, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **47-5599970** |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **587 & 589 No. York Rd.**<br>**Elmhurst, IL 60126**<br>Number, Street, City, State & ZIP Code | **258 N. Stewart Av.**<br>**Lombard, IL 60148**<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **DuPage**<br>County | Location of principal assets, if different from principal place of business<br>**258 N. Stewart Lombard, IL 60148**<br>Number, Street, City, State & ZIP Code |

5.  **Debtor's website** (URL)   _____

6.  **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Glenbard Uniform, Inc.**                                          Case number (*if known*) _____
          Name

| 7. | Describe debtor's business | A. *Check one:* |
|----|-----|-----|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__4481__

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |
|----|-----|-----|

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? | ■ No. |
|----|-----|-----|
|    | | ☐ Yes. |

If more than 2 cases, attach a separate list.

| | District | _____ | When | _____ | Case number | _____ |
|--|----------|------------------|------|------------------|-------------|------------------|
| | District | _____ | When | _____ | Case number | _____ |

| 10. | Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ■ No |
|-----|-----|-----|
|     | | ☐ Yes. |

List all cases. If more than 1, attach a separate list

| | Debtor | _____ | | Relationship | _____ |
|--|--------|------------------|--|--------------|------------------|
| | District | _____ | When | _____ | Case number, if known | _____ |

| Debtor | **Glenbard Uniform, Inc.** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

---

**11.  Why is the case filed in this district?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13.  Debtor's estimation of available funds**  .

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14.  Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15.  Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ■ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16.  Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor    **Glenbard Uniform, Inc.**                                    Case number *(if known)* _____
Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 15, 2016**
MM / DD / YYYY

**X** **/s/ Eric Haimann**                          **Eric Haimann**
Signature of authorized representative of debtor        Printed name

Title    **Sole Shareholder/Director and Officer**

**18. Signature of attorney**

**X** **/s/ Kent A. Gaertner**                    Date    **December 15, 2016**
Signature of attorney for debtor                            MM / DD / YYYY

**Kent A. Gaertner**
Printed name

**Kent A. Gaertner P.C.**
Firm name

**300 S. County Farm Rd.**
**Suite I**
**Wheaton, IL 60187**
Number, Street, City, State & ZIP Code

Contact phone    **(630) 510-0000**        Email address    **kgaertner@springerbrown.com**

**3121489**
Bar number and State

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____   Chapter   **7**

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

       Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or
           imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature**
**of authorized**
**representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>December 13, 2016</u>
              MM / DD / YYYY

**(X)** _____          Eric Haimann
Signature of authorized representative of debtor      Printed name

Title   **Sole Shareholder/Director and Officer**

---

**18. Signature of attorney**   X _____          Date   **December 13, 2016**
                     Signature of attorney for debtor                MM / DD / YYYY

**Kent A. Gaertner**
Printed name

**Kent A. Gaertner P.C.**
Firm name

**300 S. County Farm Rd.**
**Suite I**
**Wheaton, IL 60187**
Number, Street, City, State & ZIP Code

Contact phone   **(630) 510-0000**   Email address   **kgaertner@springerbrown.com**

**3121489**
Bar number and State

**Fill in this information to identify the case:**

Debtor name   __Glenbard Uniform, Inc.__

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)   _____

☐ Check if this is an
   amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __December 13, 2016__      X _____
                                          Signature of individual signing on behalf of debtor

                                          __Eric Haimann__
                                          Printed name

                                          __Sole Shareholder/Director and Officer__
                                          Position or relationship to debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    Glenbard Uniform, Inc.

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in
connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true
and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    December 13, 2016

X                                              Eric Haimann
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **Sole Shareholder/Director and Officer**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☑ No
☐ Yes

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re   Glenbard Uniform, Inc. _____   _____   Case No. _____   _____ _____
                                                        Debtor(s)        Chapter   **7**_____   _____ _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____   **22**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **December 13, 2016** _____

_____

**Eric Haimann/Sole Shareholder/Director and Officer**
Signer/Title

# United States Bankruptcy Court
## Northern District of Illinois

In re   Glenbard Uniform, Inc.

Debtor(s)

Case No.

Chapter   7

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Glenbard Uniform, Inc.   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

December 13, 2016

Date

Kent A. Gaertner 3121489

Signature of Attorney or Litigant
Counsel for   Glenbard Uniform, Inc.
Kent A. Gaertner P.C.
300 S. County Farm Rd.
Suite I
Wheaton, IL 60187
(630) 510-0000 Fax:(630) 510-0004
kgaertner@springerbrown.com

**Fill in this information to identify the case:**

Debtor name    **Glenbard Uniform, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 15, 2016**          X **/s/ Eric Haimann**
                                                 Signature of individual signing on behalf of debtor

                                                **Eric Haimann**
                                                 Printed name

                                                **Sole Shareholder/Director and Officer**
                                                 Position or relationship to debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name     **Glenbard Uniform, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)   _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                                    12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
       Copy line 88 from *Schedule A/B*................................................................................   $              0.00

    1b. **Total personal property:**
       Copy line 91A from *Schedule A/B*.............................................................................   $         59,401.00

    1c. **Total of all property:**
       Copy line 92 from *Schedule A/B*................................................................................   $         59,401.00

| Part 2: | Summary of Liabilities |
| --- | --- |

2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................   $         63,090.00

3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
       Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................   $          6,066.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
       Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................   +$        162,785.00

4.   Total liabilities ...........................................................................................................
    Lines 2 + 3a + 3b                                                                                           $        231,941.00

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **Glenbard Uniform, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property       12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:     Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
   Name of institution (bank or brokerage firm) / Type of account / Last 4 digits of account number

| | | | |
|---|---|---|---|
| 3.1. **Bank of America** | **Checking Account** | **4417** | $117.00 |
| 3.2. **Bank of America** | **Checking Account** | **4882** | $0.00 |
| 3.3. **Bank of America** | **Savings account** | **4497** | $25.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.      $142.00

**Part 2:     Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
■ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

   7.1. **Security Deposit for commercial lease of 587 - 589 N. York Rd.  Elmhurst, Il.  60126**      $3,505.00

| Debtor | **Glenbard Uniform, Inc.** | | Case number *(If known)* | |
| | Name | | | |

8.     **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
       Description, including name of holder of prepayment

9.     **Total of Part 2.**

       Add lines 7 through 8. Copy the total to line 81.          **$3,505.00**

| Part 3: | Accounts receivable |

10. **Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
■ Yes Fill in the information below.

11.     **Accounts receivable**

11a. 90 days old or less:          **954.00**    -    **0.00**    = ....          **$954.00**
                              face amount              doubtful or uncollectible accounts

12.     **Total of Part 3.**

       Current value on lines 11a + 11b = line 12.  Copy the total to line 82.          **$954.00**

| Part 4: | Investments |

13. **Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
■ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19.  **Raw materials** | | | | |
| 20.  **Work in progress** | | | | |
| 21.  **Finished goods, including goods held for resale** | | | | |
| 22.  **Other inventory or supplies** **Clothing (uniforms), shoes, caps, holsters, police equipment and accessories** | November 2016 | Unknown | Recent cost | $42,200.00 |

23.     **Total of Part 5.**

       Add lines 19 through 22.  Copy the total to line 84.          **$42,200.00**

24.     **Is any of the property listed in Part 5 perishable?**
       ■ No
       ☐ Yes

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **Glenbard Uniform, Inc.** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
   - ☑ No
   - ☐ Yes. Book value _____ Valuation method _____ Current Value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
   - ☑ No
   - ☐ Yes

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

   - ☑ No. Go to Part 7.
   - ☐ Yes Fill in the information below.

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

   - ☐ No. Go to Part 8.
   - ☑ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture** | | | |
| 40.  **Office fixtures** | | | |
| 41.  **Office equipment, including all computer equipment and communication systems equipment and software**<br>Cannon Executive Safe | **Unknown** | Recent cost | **$600.00** |

42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
   Add lines 39 through 42.  Copy the total to line 86.

   | | |
   |---|---|
   | | **$600.00** |

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
   - ☑ No
   - ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
   - ☑ No
   - ☐ Yes

| Part 8: | **Machinery, equipment, and vehicles** |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   - ☐ No. Go to Part 9.
   - ☑ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | **Glenbard Uniform, Inc.** | Case number *(If known)* _____ |
|---|---|---|
| | Name | |

48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| Embroidery Machine | | **Unknown** | **Recent cost** _____ | **$12,000.00** |
|---|---|---|---|---|

51. **Total of Part 8.**

Add lines 47 through 50.  Copy the total to line 87.

> **$12,000.00**

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

■ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

■ No
☐ Yes

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.  **587 - 589 N. York Rd. Elmhurst, Il. 60126 Retail space.** | **Leasee** | **$0.00** | **N/A** | **$0.00** |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

> **$0.00**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

■ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

■ No
☐ Yes

## Part 10:    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor    **Glenbard Uniform, Inc.**                          Case number *(If known)* _____
_____
Name

☐ Yes Fill in the information below.

| Part 11: | All other assets |
| --- | --- |

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ■ No.  Go to Part 12.
   ☐ Yes Fill in the information below.

Debtor    **Glenbard Uniform, Inc.**                                               Case number *(if known)*
          Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $142.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $3,505.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $954.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $42,200.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $600.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $12,000.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ....................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $59,401.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $59,401.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **Glenbard Uniform, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                 12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:       List Creditors Who Have Secured Claims**

| | | Column A | Column B |
|---|---|---|---|
| **2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. | | **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

| 2.1 | **Asset Management Partners, Inc.** | | $63,090.00 | $3,505.00 |
|---|---|---|---|---|

Creditor's Name

**608 N. Michigan  Ste. #F
Elmhurst, IL 60126**

Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**3/2016**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**

**Security Deposit for commercial lease of 587 - 589 N. York Rd.  Elmhurst, Il.  60126**

**Describe the lien**

**Security deposit- Lease**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

---

3.   **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    | $63,090.00 |

**Part 2:      List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Keay and Costello<br>128 S. County Farm Rd.<br>Wheaton, IL 60187** | Line  **2.1** | **3127** |
| **Real Estate Investor Service<br>Chas. Freitag, Agent<br>188 Industrial Dr.  #422<br>Elmhurst, IL 60126** | Line  **2.1** | |

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                          Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name     **Glenbard Uniform, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:      List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ☐ No. Go to Part 2.

    ☑ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
    with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

| 2.1 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $1,555.00 | $1,555.00 |
|---|---|---|---|---|
| | **Illinois Department of Revenue** | *Check all that apply.* | | |
| | **Bankruptcy Section Level 7-425** | ☐ Contingent | | |
| | **100 W. Randolph St.** | ☐ Unliquidated | | |
| | **Chicago, IL 60602** | ☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim: | | |
| | **2016** | **Sales Tax liability- $992.29** | | |
| | | **Payroll withholding- $562.04** | | |
| | Last 4 digits of account number **9970** | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY | ☑ No | | |
| | unsecured claim: 11 U.S.C. § 507(a) (8) | ☐ Yes | | |

| 2.2 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $618.00 | $618.00 |
|---|---|---|---|---|
| | **Illinois Dept of Emplyment** | *Check all that apply.* | | |
| | **Security** | ☐ Contingent | | |
| | **P.O. Box 19509,** | ☐ Unliquidated | | |
| | **Springfield, IL 62794** | ☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim: | | |
| | **2016** | **Unemployment tax** | | |
| | Last 4 digits of account number **9970** | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY | ☑ No | | |
| | unsecured claim: 11 U.S.C. § 507(a) (8) | ☐ Yes | | |

| Debtor | **Glenbard Uniform, Inc.** | | Case number *(if known)* | |
|--------|---------------------------|--|--------------------------|--|
| | Name | | | |

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $3,893.00 | $3,893.00 |
|-----|---|---|---|---|

2.3  Priority creditor's name and mailing address

**Internal Revenue Service**
**Mail Stop 5010 CHI**
**230 S. Dearborn St.**
**Chicago, IL 60604**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$3,893.00    $3,893.00

Date or dates debt was incurred
**2016**

Basis for the claim:
**Withholding**

Last 4 digits of account number **9970**

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (**8**)

Is the claim subject to offset?
■ No
☐ Yes

---

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

**3.**  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|--|--|-----------------|

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $9,200.00 |
|-----|---|---|---|

**Bank of America**

**P.O. Box 982238**
**El Paso, TX 79998-2238**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred **2016**

Last 4 digits of account number **0600**

Basis for the claim:  **Credit card purchases**

Is the claim subject to offset? ■ No  ☐ Yes

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $8,754.00 |
|-----|---|---|---|

**Bank of America**
**P.O. Box 982238**
**El Paso, TX 79998-2238**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred **2016**

Last 4 digits of account number **4667**

Basis for the claim:  **Credit card purchases**

Is the claim subject to offset? ■ No  ☐ Yes

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $8,375.00 |
|-----|---|---|---|

**Capital One**
**P.O. Box 6492**
**Carol Stream, IL 60197**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred **2016**

Last 4 digits of account number **5074**

Basis for the claim:  **Credit card purchases**

Is the claim subject to offset? ■ No  ☐ Yes

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $6,931.00 |
|-----|---|---|---|

**Chase**
**P. O. Box 15123**
**Wilmington, DE 19850-5123**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred **2016**

Last 4 digits of account number **2420**

Basis for the claim:  **Credit card purchases**

Is the claim subject to offset? ■ No  ☐ Yes

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|-----|---|---|---|

**Com Ed**
**P.O. Box 6111**
**Carol Stream, IL 60197-6111**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred **2016**

Last 4 digits of account number **5049**

Basis for the claim:  **Utilities**

Is the claim subject to offset? ■ No  ☐ Yes

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **Glenbard Uniform, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $219.00 |
|---|---|---|---|

**Comcast**
P.O. Box 3001
Southeastern, PA 19398

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __2016__

**Basis for the claim:** __Utilities__

Last 4 digits of account number __9179__

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $995.00 |
|---|---|---|---|

**Cybor Fire**
5123 Thatcher St.
Downers Grove, IL 60515

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __2016__

**Basis for the claim:** __Sprinkler Install__

Last 4 digits of account number __Glenbard Uniform__

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $128,311.00 |
|---|---|---|---|

**Eric Haimann**
258 N. Stewart Av.
Lombard, IL 60148

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __2016__

**Basis for the claim:** __Loans to business and guarentee of business debt.__

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 6,066.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 162,785.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 168,851.00 |

**Fill in this information to identify the case:**

Debtor name   **Glenbard Uniform, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
   amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                                12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property*
    (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1.**  State what the contract or lease is for and the nature of the debtor's interest | **Leased of commercial property at 587-589 N. York Rd.  Elmhurst, Il.** |
|       State the term remaining | **15 months** |
|       List the contract number of any government contract | **Asset Management Partners, Inc.**<br>**608 N. Michigan  Ste. #F**<br>**Elmhurst, IL 60126** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com              Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **Glenbard Uniform, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
   amended filing

# Official Form 206H
# Schedule H: Your Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | Eric Haimann | **258 Stewart**<br>**Lombard, IL 60148** | **Asset Management Partners, Inc.** | ■ D __2.1__<br>☐ E/F ____<br>☐ G ____ |
| 2.2 | Eric Haimann | **Debtor's address** | **Illinois Department of Revenue** | ☐ D ____<br>■ E/F __2.1__<br>☐ G ____ |
| 2.3 | Eric Haimann | **Debtor's address** | **Internal Revenue Service** | ☐ D ____<br>■ E/F __2.3__<br>☐ G ____ |
| 2.4 | Eric Haimann | **Debtor address**<br>**Personal Guarentee** | **Bank of America** | ☐ D ____<br>■ E/F __3.1__<br>☐ G ____ |
| 2.5 | Eric Haimann | **Debtor address**<br>**Personal Guarentee** | **Bank of America** | ☐ D ____<br>■ E/F __3.2__<br>☐ G ____ |

| Debtor | **Glenbard Uniform, Inc.** | Case number *(if known)* | |
|---|---|---|---|

| | **Additional Page to List More Codebtors** |
|---|---|

**Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.**

*Column 1:* **Codebtor** | *Column 2:* **Creditor**

| 2.6 | **Eric Haimann** | **Debtor's address**<br>**Personal Guarentee** | **Capital One** | ☐ D _____<br>■ E/F __3.3__<br>☐ G _____ |
|---|---|---|---|---|
| 2.7 | **Eric Haimann** | **Debtor's address**<br>**Personal Guarentee** | **Chase** | ☐ D _____<br>■ E/F __3.4__<br>☐ G _____ |
| 2.8 | **Eric Haimann** | **Debtor's address** | **Asset Management**<br>**Partners, Inc.** | ☐ D _____<br>☐ E/F _____<br>■ G __2.1__ |

**Fill in this information to identify the case:**

Debtor name   **Glenbard Uniform, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
   amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:   Income

1.  **Gross revenue from business**

   ☐ None.

| **Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year** | **Sources of revenue** Check all that apply | **Gross revenue** (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From  **1/01/2016** to **Filing Date** | ■ Operating a business | $52,440.00 |
| | ☐ Other | |

2.  **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | **Description of sources of revenue** | **Gross revenue from each source** (before deductions and exclusions) |
|---|---|---|

### Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

| **Creditor's Name and Address** | **Dates** | **Total amount of value** | **Reasons for payment or transfer** Check all that apply |
|---|---|---|---|

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

| **Insider's name and address** **Relationship to debtor** | **Dates** | **Total amount of value** | **Reasons for payment or transfer** |
|---|---|---|---|

5.  **Repossessions, foreclosures, and returns**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Debtor    **Glenbard Uniform, Inc.**

Case number *(if known)* _____

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|
| | | | |

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | |

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. **Asset Management Partners, Inc.  vs. Debtor et al**<br>**2016 LM 003127** | **Forcible** | **Circuit Court of DuPage County**<br>**505 No. County Farm Rd/ Wheaton, IL 60187** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| | | | |

| Part 5: | Certain Losses |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|
| | | | |

| Part 6: | Certain Payments or Transfers |
|---|---|

11. **Payments related to bankruptcy**

Debtor    **Glenbard Uniform, Inc.**                                              Case number *(if known)* _____

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Kent A. Gaertner P.C.** **300 S. County Farm Rd.** **Suite #I/J** **Wheaton, IL 60187** | | **11/18/16** | **$2,335.00** |
| | **Email or website address** **kgaertner@springerbrown.com** | | | |
| | **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

Debtor   **Glenbard Uniform, Inc.** _____   Case number *(if known)* _____

---

**Part 9:**   **Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ■ No.
    ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ■ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

---

**Part 10:**   **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| Eric Haimann<br>Debtor's address | Eric and Jordan Haimann- Debtor's address | All corporate inventory and equipment as shown on Sch. A/B | ☐ No<br>■ Yes |

---

**Part 11:**   **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ■ None

---

**Part 12:**   **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
    *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the

---

Official Form 207   Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   page **4**

Debtor    **Glenbard Uniform, Inc.**

Case number *(if known)* _____

medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.   **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | |

23.  **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

24.  **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25.  **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

26.  **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | Date of service<br>From-To |
|---|---|
| | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| | |

Debtor   **Glenbard Uniform, Inc.**                                    Case number *(if known)* _____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   **Eric Haimann**<br>**Debtor's address** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

### 27. Inventories
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

■ Yes. Give the details about the two most recent inventories.

| | Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|
| 27.1. | **Eric Hasimann** | **November 17, 2016** | **$42,176.33 at Debtor's cost** |

| Name and address of the person who has possession of inventory records |
|---|
| **Eric Haimann**<br>**Debtor's address** |

### 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Eric Haimann** | **Debtor's address** | **Sole Shareholder, Director and Officer** | **100%** |

### 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No
☐ Yes. Identify below.

### 30. Payments, distributions, or withdrawals credited or given to insiders
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
■ Yes. Identify below.

Debtor    **Glenbard Uniform, Inc.**                                          Case number *(if known)* _____

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | | | | **Wages for time actually spent winding up affairs of company over October and November 2016.** |
| | **Eric Haimann**<br>**Debtor's address** | **$3,000** | **November 2016** | |
| | **Relationship to debtor**<br>**Owner** | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **December 15, 2016**

**/s/ Eric Haimann**                                          **Eric Haimann**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor      **Sole Shareholder/Director and Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re **Glenbard Uniform, Inc.** _____  Case No. _____

Debtor(s)  Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept _____  $ _____**2,000.00**

   Prior to the filing of this statement I have received _____  $ _____**2,000.00**

   Balance Due _____  $ _____**0.00**

2. $ ___**335.00**___ of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**December 15, 2016** _____  **/s/ Kent A. Gaertner** _____
*Date*  **Kent A. Gaertner 3121489**
*Signature of Attorney*
**Kent A. Gaertner P.C.**
**300 S. County Farm Rd.**
**Suite I**
**Wheaton, IL 60187**
**(630) 510-0000   Fax: (630) 510-0004**
**kgaertner@springerbrown.com**
*Name of law firm*

---



MONADNOCK BUILDING
53 W. JACKSON BLVD.
SUITE 1320
CHICAGO, IL 60604

T 312.663.5423
F 312.663.0201

WHEATON OFFICE CENTER
300 S. COUNTY FARM ROAD
SUITE 1
WHEATON, IL 60187

T 630.510.0006
F 630.510.0004

REPLY TO:

December 14, 2016

Mr. Eric Haimann
Glenbard Uniform Inc.
258 N. Stewart St.
Lombard, IL. 60148

Re:     **Chapter 7 Bankruptcy Filing**
        **Legal Services Agreement and Engagement Letter**

Dear Mr. Haimann:

Pursuant to our recent meeting, please accept this letter as it sets forth the basic terms and conditions upon which **Kent A. Gaertner P.C.** ("ATTORNEY") will perform legal services for **Glenbard Uniform, Inc..** (the "Client") in the above referenced matter (the "Engagement").

This letter shall (1) confirm that the Client has retained ATTORNEY (2) confirm the scope of the Engagement, and (3) describe the basis upon which ATTORNEY will bill for its services.

### Scope of Representation

The Client, has asked ATTORNEY to assist in representing them in:

1.  The assessment of their assets and liabilities.

2.  Assisting the Client with consolidating information on assets and liabilities to facilitate the Chapter 7 filing,

3.  Analyzing past financial history of the Client as it may effect the Chapter 7 including transfers and preferences.

4.  The preparation and filing of a Chapter 7 bankruptcy petition on behalf of the Client.

5.  Representation of the Client' interests in dealings with the appointed Chapter 7 Trustee and with creditors.

The representation does not include representation of the Client in connection with **any litigation** arising out of the Chapter 7 filing, including, but not limited to, depositions under Rule 2004 or adversary complaints regarding discharge or dischargeability. At this time, no such litigation is expected. However, if such litigation is instituted, a new fee arrangement will be entered into between the Client and ATTORNEY to cover such representation.

### Determination of Fees and Expenses

Legal work varies greatly. Although we are often engaged by our client to perform specific and limited tasks, our primary role as legal advisors is to offer our knowledge, experience and independent judgment. Recognizing this, our focus in charging for services is to arrive at a fee, which is fair and appropriate considering all of the circumstances.

Legal services provided by attorneys are fee for service arrangements generally involving the payment of a retainer fee to the attorney. In this matter, the Client, through its principals, authorized agents or assigns, have agreed to retain ATTORNEY with an advance payment retainer of $2,000.00 (the "retainer") for services rendered as delineated above. ATTORNEY proposes to charge the Client a flat fee for time and services, as delineated in the scope of representation above, expended on the matter ($2,000.00 attorney fee and $335.00 filing fee to the Clerk of the Bankruptcy Court). Should the representation be terminated prior to the filing of a Chapter 7 bankruptcy for any reason, ATTORNEY shall be entitled to be paid for the time expended on the file at a rate of $350.00 per hour plus reimbursement of its costs expended. If any portion of the retainer is unearned or not required for expenses, it will be refunded to the client. Each Attorney in the law firm concentrates his or her practice in the area of bankruptcy and bankruptcy litigation and is duly licensed and authorized to practice law in the State of Illinois and United States District Court for the Northern District of Illinois. Non-attorney support staff time although expended, will NOT be billed out without prior approval by the Client, and will be billed at the rate of bill $125 per hour. All legal services will be performed under the supervision of the owning member attorneys of the law firm.

The retainer stated above shall be considered an "advance payment" retainer pursuant to Dowling v. Chicago Options Associates, Inc. 875 N.E.2d, 1012, Ill., 2007 and pursuant to Rule 1.15 of the Illinois Rules of Professional Conduct. This means that the retainer is considered earned when paid in anticipation of future work. The retainer will not be held in a client trust account but instead will be deposited into the general operating account of our law firm. You have the right to require the funds be held as a "security retainer" which means they remain the Client' property until actually earned by completion of the representation as defined above. The choice of how the retainer is treated (i.e. either security or advanced payment) is the client' alone. However, ATTORNEY will not agree to represent the Client unless the retainer is an advanced payment retainer. The special purpose for the advanced payment retainer is to protect the funds from the claims of creditors. Client' funds that are held in a security retainer are still the property of the Client until earned by the lawyer. Therefore funds held in a security retainer could be garnished by a creditor or turned over to a Bankruptcy Trustee. This would cause

2

ATTORNEY to have no recourse for payment of its fee by the Client/ Debtor. Given the financial condition of the Client and the possibility that ATTORNEY could lose the retainer to a creditor or a bankruptcy trustee, if it were determined to be property of the bankruptcy estate, the advance payment retainer offers protection to the Client and ATTORNEY that the fees for the representation will be available.

ATTORNEY operates as an integrated unit. A client who calls upon a particular lawyer in fact retains the entire firm and have at its disposal all of the expertise and resources that the firm have to offer. Therefore, the lawyer who serves as one's principal contact at the firm may assign the work to another lawyer who have experience in the particular area involved or who is in a better position to perform the legal work most efficiently. In assigning work within the firm, ATTORNEY strives to achieve the most efficient mix of seniority and expertise, with the goal of providing effective representation to our client economically.

ATTORNEY cannot quote a specific flat or final fee for services in this matter because we cannot control or predict the nature or extent of the services that may have to be provided. However, please be assured that we are sensitive to your needs, and that we will do our best at all times to minimize fess and expenses to the extent possible consistent with the furnishings of effective legal services.

In addition to our fees for services, we also bill our client for out-of-pocket expenses incurred on their behalf. Reimbursable out-of-pocket expenses include the following: filing fees, computerized legal research fees, electronic access and filing fees, photocopying expenses, long distance telephone toll charges, telecopy charges, necessary travel expenses, and so forth. Please be advised of our firm policy that client are required to advance or pay directly any disbursements in excess of $300.

## Termination

The Client may terminate our engagement as counsel at any time for any reason. ATTORNEY may withdraw as the Client' legal counsel or from our representation of the Client in any particular matter for good cause, which includes the Client' failure to perform their obligations described in this letter, failure to timely make payment for services rendered and expenses advanced, refusal to cooperate with us or to follow our advice on a material matter, or any other fact or circumstances that would render our continuing representation unlawful or unethical. If and when our services to the Client conclude, all unpaid fees and costs will be immediately due and payable

<u>Duties</u>

Effective legal representation requires a high level of cooperation between attorney and client. **Therefore, by executing this letter, the Client agree to cooperate with us, keep us fully and truthfully informed of all developments, and to abide by this letter.** In turn, we are agreeing to provide those legal services reasonably required to represent the Client with respect to the matters described above and to take reasonable steps to keep the Client informed of our progress and to respond to the Client' inquiries. Of course, we cannot make any promises or guarantees about the outcome of the matters as to which the Client have engaged us, and nothing in this letter or in our statements should be so construed. When we provide our opinion as to the probable outcome of any matter, it is with the understanding that our opinion is just that, and not a promise or guarantee.

We encourage our client to participate actively in the matters we are handling for them, as they are much closer to the details and effects of their affairs than we are and we wish to be certain that our efforts converge with our client' goal. If at any time you should have a concern, or if we may be of service in another substantive area, we would ask that you raise it with us at once so that we can address your need without delay.

<u>Electronic Communications</u>

Our client and our law firm increasingly rely upon electronic communication such as e-mail, text-messaging, cellular telephones and electronic faxes (collectively, "**Electronic Communications**"). By engaging us, absent the Client' specific instructions to the contrary, you authorize us to use Electronic Communications. Because of their nature, Electronic Communications are not as secure as more traditional lines of communications, such as hard-wired telephones and telephonic faxes, U.S. Mail or couriers. The Client understands that some risk exists that any and all Electronic Communications could be intercepted by an unauthorized third party, and the Client hereby accepts the risk. With respect to the use of Electronic Communications for matters of particular sensitivity or for information that could be compromising or damaging to the Client, the Client acknowledges that each contact person with whom we are or will be directly working, including SPRINGER BROWN, have the authority to consent specifically to the use of Electronic Communications for such matters. We shall also consider communications from the Client by Electronic Communications as specific consent to respond by Electronic Communications. *If the Client do not wish to use Electronic Communications for any particular matter or matters, you will so advise us in writing, or will so advise us orally and confirm the instruction promptly in writing.*

<u>Other Client/Conflicts of Interest</u>

As a specialty boutique law firm, it is common for ATTORNEY to be engaged to represent more than one party in a significant bankruptcy or work-out / debt reorganization case. We do not believe that a conflict of interest is raised if we represent more than one party

4

in a Bankruptcy case, as long as all of our client are adverse to the debtor.  We currently have reviewed the case and as of the date of this legal engagement letter, ATTORNEY does not represent any parties adverse to the Client.  However, as is usually the case in any bankruptcy proceeding, the existence of other, non-listed or otherwise unknown parties may give rise to multiple representation by SPRINGER BROWN.  In fact, we often find that our client generally benefit from the economics of scale that arise when fees and costs can be spread among a number of different parties.  Therefore, the Client should be aware that we may in the future be contacted to represent other creditors or non-Debtor parties in interest of the above referenced and related Bankruptcy proceeding.  Of course, we will do our standard check to assure that no new client raises an adverse and/or conflict issue and we will notify you promptly if we become aware of a potential or a pre-existing conflict.  However, if we do not perceive a conflict of interest, we may accept other client without seeking the Client' approval.  In the unlikely event that the Client decides to take a position adverse to that of another one of our client in this case (a possibility we do not foresee at this time) then we will not be able to represent the Client in that dispute.

If the foregoing terms upon which we propose to be engaged and the nature of the engagement are acceptable, please sign or please have a duly authorized representative of the Client sign and return to me the enclosed copy of this letter.  Thank you.

Sincerely,

KENT A. GAERTNER P.C.

By:

Kent A. Gaertner
Attorney

Accepted and agreed to by:                    GLENBARD UNIFORM, INC.

By: _____
             Eric Haimann, President

5

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Glenbard Uniform, Inc.**

Debtor(s)

Case No. _____

Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---|
    | For legal services, I have agreed to accept | $ | 2,000.00 |
    | Prior to the filing of this statement I have received | $ | 2,000.00 |
    | Balance Due | $ | 0.00 |

2.  $ **335.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ■ Debtor  ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ■ Debtor  ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A
    copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**December 13, 2016**
_____
*Date*

Kent A. Gaertner 3121489
*Signature of Attorney*
**Kent A. Gaertner P.C.**
**300 S. County Farm Rd.**
**Suite I**
**Wheaton, IL 60187**
**(630) 510-0000  Fax: (630) 510-0004**
**kgaertner@springerbrown.com**
*Name of law firm*

---

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Glenbard Uniform, Inc.**                                              Case No.

_____

Debtor(s)         Chapter   **7**

_____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                    **16**

_____

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **December 15, 2016**
_____

**/s/ Eric Haimann**
_____
**Eric Haimann/Sole Shareholder/Director and Officer**
Signer/Title

.

Asset Management Partners, Inc.
608 N. Michigan Ste. #F
Elmhurst, IL 60126


Bank of America
P.O. Box 982238
El Paso, TX 79998-2238


Capital One
P.O. Box 6492
Carol Stream, IL 60197


Chase
P. O. Box 15123
Wilmington, DE 19850-5123


Com Ed
P.O. Box 6111
Carol Stream, IL 60197-6111


Comcast
P.O. Box 3001
Southeastern, PA 19398


Cybor Fire
5123 Thatcher St.
Downers Grove, IL 60515


Eric Haimann
258 N. Stewart Av.
Lombard, IL 60148


Eric Haimann
258 Stewart
Lombard, IL 60148


Eric Haimann
Debtor's address


Eric Haimann
Debtor address

Illinois Department of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph St.
Chicago, IL 60602


Illinois Dept of Emplyment Security
P.O. Box 19509,
Springfield, IL 62794


Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn St.
Chicago, IL 60604


Keay and Costello
128 S. County Farm Rd.
Wheaton, IL 60187


Real Estate Investor Service
Chas. Freitag, Agent
188 Industrial Dr. #422
Elmhurst, IL 60126

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Glenbard Uniform, Inc.**

Debtor(s)

Case No.

Chapter   **7**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Glenbard Uniform, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**December 15, 2016**

Date

**/s/ Kent A. Gaertner**

**Kent A. Gaertner 3121489**

Signature of Attorney or Litigant

Counsel for   **Glenbard Uniform, Inc.**

**Kent A. Gaertner P.C.**

**300 S. County Farm Rd.**
**Suite I**
**Wheaton, IL 60187**
**(630) 510-0000 Fax:(630) 510-0004**
**kgaertner@springerbrown.com**